Raymond B. LOPEZ, Plaintiff-Appellant,

v.

CITY OF AUSTIN, TEXAS and Leonard Ehrler, Defendants-Appellees.

No. 82–1399

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

July 25, 1983.

Thomas L. Kolker, Austin, Tex., for plaintiff-appellant.

Joan Elise Dubinsky, Asst. City Atty., Brown, Maroney, Rose, Baker & Barber, George B. Butts, Michael S. Hull, Austin, Tex., for defendants-appellees.

Before RUBIN, JOHNSON and WILLIAMS, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

An employee of the City of Austin seeks to recover under § 1983 from the City and from the Director of its Parks and Recreation Department for the mental anguish, humiliation, and other non-pecuniary damages he suffered when the City denied him a merit increase in retaliation for his earlier protected actions. The district court denied his claim on the legal grounds that the employee compromised a claim for this retaliation and that his § 1983 claim could not coexist with a Title VII claim for the same wrong. We do not reach this question of law for we find that there has been no showing of a custom or practice of discrimination by the City and no showing of participation by his defendant supervisor in the action. Therefore, even assuming the existence of a remedy under § 1983, the plaintiff has failed to show that he is entitled to relief.

In findings not challenged as erroneous, let alone clearly so, Fed.R.Civ.P. 52(a), the district court found these facts: Raymond B. Lopez, an Hispanic-American, was employed as Supervisor of the South Austin Recreation Center. There was a vacancy in the higher position of Area Supervisor for the South Central Area. Lopez sought this position but Ms. Sally Townsend Gavlik was hired for it. Her hiring did not violate Title VII, 42 U.S.C. § 2000e-5 (1976), because the City articulated a legitimate non-discriminatory reason to employ her.

*McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–03, 93 S.Ct. 1817, 1824–25, 36 L.Ed.2d 668, 677–78 (1973); *see Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). Thereafter, Lopez filed a charge with the EEOC, based on Title VII, contesting the City's failure to promote him.

Lopez then became eligible for a merit increase. In reviewing his performance to determine whether he was entitled to the increase, Gavlik, at the instruction of her supervisor, John Hughes, gave him greater scrutiny than usual. Although Gavlik did not know it, Hughes told her to give Lopez special scrutiny in retaliation for Lopez' action in filing the Title VII complaint. The special scrutiny resulted in denial of a merit increase to Lopez for six months. Lopez then filed a second EEOC charge alleging that the City's failure to grant him the merit increase was in retaliation for his filing the earlier charge.

Lopez and the City later settled the retaliation charge. Lopez contends that this settlement did not compromise his claim for damages recoverable under § 1983 and not allowable under Title VII: mental anguish, loss of professional standing, humiliation and emotional distress.

█ Lopez has not shown that the City's retaliation was the result of any City practice or custom. Indeed, the district court implicitly found that this was an isolated act, not, as contended by Lopez, part of a custom of denying merit increases to those who filed EEOC complaints.[1] Gavlik did not, when she made her decision, know of the EEOC finding that Lopez had cause for his complaint, although Hughes did. This was "the first time Ms. Gavlik had ever failed to grant a merit increase to a supervisor." A municipality is liable under § 1983 only for a constitutional deprivation visited pursuant to governmental custom, usage, or official policy. *Monell v. Department of Social Services,* 436 U.S. 658, 98

S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Berry v. McLemore,* 670 F.2d 30 (5th Cir.1982). The sole evidence that Lopez can point to concerning a City practice is testimony that some other individuals had not been given merit increases but this falls short of satisfying the burden of proof that the City had a policy of denying merit increases or taking other vengeful action in retaliation for filing EEOC charges.

█ A claim is made against Ehrler, the new director of the Recreation Department, personally but there is no evidence that he instructed Gavlik to deny the merit increase or participated in Hughes' decision. Indeed Ehrler became Department head only in February 1979, after Lopez had been denied the wage increase. In Lopez' proposed findings of fact submitted after trial on the merits, he contended, as to Ehrler only, "The decision to deny plaintiff his merit increase was affirmed by Defendant Leonard Ehrler." The complaint, as amended, asserts no personal involvement on his part but alleges only that he is "the present Superintendent of Recreation for the Austin Parks and Recreation Department, and is the proper person for the present lawsuit based on the relief sought." Given some plausible assertion of Ehrler's personal responsibility or some reference to record evidence of his possible complicity, we would remand for further findings as to the claim against him. However, with neither in the record, we note only that the burden of proof rests with the plaintiff and proceed to decision without further feckless waste of litigation expense and judicial resources. Finally, we note that, as to the municipality, no charge is made that Ehrler had final authority to grant or deny merit increase or that his actions *per se* constituted municipal policy. *Cf. Bennett v. City of Slidell,* 697 F.2d 657, rehearing granted, 706 F.2d 533 (5th Cir.1983); *Webster v. City of Houston,* 689 F.2d 1220 (5th Cir.1982).

---

1. We are unable to find in the record any contention that Hughes' actions constituted the City's practice or custom or that he had been delegated complete and final authority to make wage determinations in the Recreation Department. The assertion of the claim against Ehrler implies the contrary.

For the reasons given, the judgment is AFFIRMED.